

10 CV 1185

BLANK ROME, LLP
Attorneys for Petitioner
KAPTAN DEMIR CELIK ENDUSTRISI
VE TICARET A.S.
Jack A. Greenbaum (JG 0039)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S.,<br><br>Petitioner,<br><br>-against-<br><br>SCHNITZER GLOBAL EXCHANGE CORPORATION,<br><br>Respondent. | 10 Civ. 1185 (BSJ)<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner, KAPTAN DEMIR.CELIK ENDUSTRISI VE TICARET S.A. ("Petitioner"), by its attorneys Blank Rome, LLP, complaining of the above-named Respondent, SCHNITZER GLOBAL EXCHANGE CORPORATION ("Respondent"), alleges as follows:

1. This Court has subject matter jurisdiction of this dispute pursuant to 9 U.S.C. § 203 in that the matter involves the enforcement of an arbitration award made in Switzerland of a commercial dispute between citizens of Turkey and the United States. Switzerland, Turkey and the United States are all signatories to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is codified at 9 U.S.C. §§ 201 et seq.

2. The Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332, in that the controversy is between a citizen of a foreign state and a citizen of the United States, and the amount at issue exceeds $75,000 exclusive of interest and costs.

3. At all material times, Petitioner was and now is a corporation organized and existing under the laws of Turkey.

4. Upon information and belief, at all material times Respondent was and now is a corporation organized and existing under the laws of the State of Delaware.

5. Respondent has registered with the New York Department of State for authority to do business in New York, and appointed an agent for service of process in the Southern District of New York.

6. Venue is proper in this District, pursuant to 9 U.S.C. § 204.

7. On or about October 7, 2006, Petitioner and Respondent entered into a contract for the sale by Respondent to Petitioner of a volume of steel scrap ("the Sales Contract"). The Sales Contract involved the sale and delivery of steel scrap to be loaded board Respondent's nominated vessel in St. Petersburg, Russia. A copy of the Sales Contract is annexed to this Petition as Exhibit "A."

8. Clause 13 of the Sales Contract provided for the arbitration of disputes, as follows:

> Any disputes, controversies and/or claims arising out of or relating to this contract, including validity or invalidity, breach or cancellation thereof, and tort claims, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chamber of Commerce in force on the date when the Notice of arbitration is submitted in accordance with these rules to be decided by a Sole Arbitrator. The seat of the arbitration shall be Geneva Switzerland and the arbitral proceedings shall be conducted in English. This contract is subject to Swiss Law and the UN Convention on Contracts for the

695117.00605/6627300v.1

International Sale of Goods, 1980 (CTSG) will apply to the dispute. If the validity of the Arbitration clause or the jurisdiction of the arbitration is contested by one or the other party, the arbitration court shall be competent to make a final decision concerning the said issues. The judgment of the Arbitration court shall be binding on both parties. The parties are in full agreement that the award of the Arbitration court shall be enforced wherever enforcement is sought by the judgment creditor.

9. During the performance of the Sales Contract, a dispute arose between the parties, and was submitted to arbitration pursuant to Clause 13, quoted above..

10. Both parties submitted claims submissions to the sole arbitrator, Dr. Sebastien Besson.

11. On August 28, 2009, the Arbitrator issued an award (the "Award"). A certified copy of the Award is annexed to this Petition as "Ex. B."

12. The Arbitrator granted Petitioner an Award of US$2,731,200, plus interest thereon at 5% per annum from April 13, 2007 until the date of payment, plus legal costs of US$142,139, GBP 2,432.95, and CHF11,276, plus costs of the arbitration in the amount of CHF55,000. (Ex. B, p. 54-55, Article XI.). The Arbitrator also dismissed Respondent's counterclaims.

13. The Award is final and not subject to any further appeal.

14. No grounds exist for refusal or deferral of recognition or enforcement of the Award against Respondent.

15. Petitioner hereby petitions this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et. seq.* (the "New York Convention"), for an order confirming the Award in favor of Petitioner and against Respondent, and awarding Petitioner judgment in the

amount of US$2,731,200, plus interest at 5% per annum, plus costs at the exchange rate on the date of entry of judgment.

**WHEREFORE**, Petitioner prays:

16. A. That the Award and Award on Costs be recognized and that judgment be entered against Respondent, and in favor of Petitioner in the amount of US$2,731,200, plus interest at 5% per annum, plus costs at the exchange rate on the date of entry of judgment.

B. That Petitioner be granted such other, further and different relief as may be just and proper.

Dated: New York, New York
       February 16, 2010

> Respectfully submitted,
> BLANK ROME, LLP
> Attorneys for Petitioner
>
> By _____
> Jack A. Greenbaum (JG-0039)
> 405 Lexington Avenue
> New York, NY 10174
> (212) 885-5000
> jgreenbaum@blankrome.com